SERGENIAN LAW
a Professional Corporation

David A. Sergenian, SBN 230174
david@sergenianlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

STEVEN OVED and SAMANTHA GLADSTEIN, as Co-Trustees of THE JACK AVID LIFE TRUST,

Plaintiffs,

v.

MICHAEL J. KRUPIN, an individual; and KRUPIN PARTNERS INSURANCE SERVICES, LLC, a California limited liability company,

Defendants.

Case No. 2:26–cv–12016

**COMPLAINT FOR:**

1. **FRAUD;**
2. **BREACH OF FIDUCIARY DUTY;**
3. **BREACH OF CONTRACT;**
4. **CONVERSION;**
5. **VIOLATION OF PENAL CODE § 496;**
6. **MONEY HAD AND RECEIVED;**
7. **ACCOUNT STATED; AND**
8. **NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

SERGENIAN LAW a Professional Corporation

SERGENIAN LAW
A Professional Corporation

Plaintiffs Steven Oved and Samantha Gladstein, in their capacities as co-trustees of the Jack Avid Life Trust, allege:

## NATURE OF THE ACTION

1. This action arises from a licensed insurance producer's fraud in connection with a $55 million life-insurance program he designed, sold, and administered for an irrevocable family trust. Defendant Michael J. Krupin, through his single-member firm Krupin Partners Insurance Services, LLC ("**Krupin Partners**"), placed four life-insurance policies on the life of Jack Avid, owned by the Jack Avid Life Trust. Krupin falsely represented that he had separately paid his own half of a required premium directly to the carrier. In fact he had not, and that unpaid half caused the policy to lapse. The affected policy lapsed and was lost, and equivalent coverage on Jack Avid's life cannot now be obtained except at far greater cost, if at all. Separately, Krupin received commission funds that he was obligated to remit to the Trust and retained a portion of them. He has acknowledged the facts and promised repayment, and has not paid. Accordingly, this action seeks to hold Krupin and Krupin Partners liable for their fraud, breach of fiduciary duty, breach of contract, conversion, civil theft, and negligence.

## THE PARTIES

2. The Jack Avid Life Trust ("**Trust**") is an irrevocable trust established under Florida law by trust agreement dated August 28, 2023. The Trust owns the life-insurance policies at issue. Plaintiffs Steven Oved and Samantha Gladstein are the co-trustees and bring this action in their representative capacities; under the Trust, the co-trustees act only by their joint agreement, and they join in bringing this action.

3. Plaintiff Steven Oved is an individual domiciled in, and a citizen of, the State of New York.

4. Plaintiff Samantha Gladstein is an individual domiciled in, and a citizen of, the State of New Jersey.

5. Defendant Michael J. Krupin is an individual domiciled in, and a citizen of, the State of California, residing in Beverly Hills; in the alternative, Krupin is domiciled in and a citizen of the Commonwealth of Virginia. In either case, complete diversity exists. At all relevant times Krupin was a life-insurance producer licensed by the California Department of Insurance, license number 0B67233.

6. Defendant Krupin Partners is a limited liability company whose sole member is Michael J. Krupin; it is therefore a citizen of the same state as Krupin. At all relevant times Krupin Partners was the entity through which Krupin solicited, sold, and administered the program and through which he received and transmitted funds.

7. On information and belief, Krupin Partners is the alter ego of Krupin: it is a single-member limited liability company through which Krupin conducted his personal business; Krupin failed to observe entity formalities and used the entity and its accounts as his personal instrumentality, including by receiving and disbursing the funds at issue through accounts he personally controlled; and adhering to the fiction of separateness would sanction a fraud and promote injustice. Plaintiffs allege in the alternative that each Defendant is liable for the acts and obligations of the other.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332(a). The action is between citizens of different states: Plaintiffs are citizens of New York and New Jersey and Defendants are citizens of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The Trust appears and sues through its trustees, who sue in their own names; the citizenship of the trustee-plaintiffs governs, and they are citizens of New York and New Jersey. Complete diversity exists between all Plaintiffs and all Defendants.

10. The amount in controversy exceeds $75,000. Krupin's unpaid share of the lapsed policy's premium alone was $219,500; the Trust further seeks the value of the lost



SERGENIAN LAW
A Professional Corporation

SERGENIAN LAW
A Professional Corporation

coverage, the increased cost of replacement coverage, the retained commission funds, treble damages, and punitive damages.

11. This Court has personal jurisdiction over Defendants because Krupin resides in and is a citizen of California, Krupin Partners conducts business in California, and the conduct giving rise to this action emanated from Defendants' offices in Beverly Hills. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District and a substantial part of the events occurred here.

**GENERAL ALLEGATIONS**

12. In or about July 2023, Krupin, acting through Krupin Partners, solicited Jack Avid and his son, Steven Oved, to place a program of life insurance on Jack Avid's life into a trust to be established for the benefit of Jack Avid's descendants.

13. The program comprised approximately $55 million in coverage through four policies: two issued by Pacific Life Insurance Company, each $15 million (policy numbers VF53974330 and VF53979870), and two issued by The Penn Mutual Life Insurance Company, each $12.5 million (policy numbers 9288057 and 9286972).

14. The policies were owned by the Trust; Jack Avid was the insured. The Trust opened a dedicated account from which it funded the premiums, and the premiums were wired from the Trust to the issuing carriers at Krupin's direction.

15. Under the program as Krupin structured it, after each premium was paid, the carrier would pay Krupin a sales commission, and Krupin was to remit the substantial majority of that commission to the Trust, reducing the Trust's net cost. Krupin received those commissions, including into one or more accounts he personally controlled, and was obligated to transmit the agreed portion to the Trust.

16. On or about October 2, 2023, Krupin sent Steven Oved a written communication concerning the funding of a Penn Mutual policy. Krupin represented, among other things, (a) that he had personally paid one-half of a required premium, $219,500, and (b) that the $219,500 he had separately wired into the Trust's account was to fund the Trust's

SERGENIAN LAW
A Professional Corporation

own half of the premium, which the Trust was to wire to the carrier to complete payment. In the same communication Krupin acknowledged that the Trust was then owed $401,000 in unremitted commission funds.

17. In reliance on those representations, the Trust, acting through its trustee, wired $219,500 toward the premium. The Trust paid its half; the half Krupin claimed he had paid was never paid, as Krupin himself later acknowledged.

18. Krupin's representations were false. Krupin had not paid the half he claimed to have paid, and that half was never paid to the carrier. Because the full premium was never paid, Penn Mutual policy number 9286972 lapsed for nonpayment in or about July 2024.

19. After making the representations above, Krupin actively concealed the truth. He did not disclose that he had failed to pay his represented share, that the premium remained unpaid, or that the policy had lapsed; instead, he continued to represent that the coverage was in force. Neither Krupin nor the carrier notified the Trust of the lapse. By reason of that concealment and Krupin's superior knowledge as the producer who administered the program, Plaintiffs neither knew nor in the exercise of reasonable diligence could have discovered the falsity of the representations or the lapse until in or about early 2025.

20. Had Krupin disclosed that he had not paid his represented share, the Trust would have paid the full premium then due, or would have obtained replacement coverage on Jack Avid's life while he remained insurable, and would thereby have prevented the loss of the coverage. In reliance on Krupin's representations, the Trust did neither, and the policy lapsed.

21. In or about July 2025, an effort was made to reinstate policy number 9286972, including the submission of new medical and underwriting materials. Reinstatement was denied and the policy was permanently lost.

SERGENIAN LAW
A Professional Corporation

22. As a direct and proximate result, the Trust lost the benefit of the coverage and the $219,500 it paid toward it. Because Jack Avid was approximately 70 years old when the coverage was placed and is older now, and because of the change in his insurability, the Trust cannot obtain equivalent replacement coverage on his life, or can do so only at substantially greater cost.

23. Separately, Krupin received commission funds belonging to or due to the Trust and failed to remit all of them. Krupin acknowledged in writing that the Trust was owed $401,000 in such funds. Although he later transmitted a portion, he retained a part of the Trust's funds, in an amount to be proven. Krupin has acknowledged the obligation and promised repayment, and has not repaid the balance.

**FIRST CAUSE OF ACTION**

**Fraud (By Plaintiffs Against All Defendants)**

24. Plaintiffs incorporate paragraphs 1 through 23.

25. On or about October 2, 2023, Krupin represented to Plaintiffs that he had paid one-half of the required premium, $219,500, and that he had wired $219,500 toward the balance. The representations were material.

26. The representations were false, and Krupin knew they were false when he made them, or made them recklessly; he had paid nothing, and no such funds reached the carrier. Krupin made the representations intending that Plaintiffs rely by wiring additional funds and by continuing to entrust the program to him, and he thereafter concealed the truth as alleged.

27. Krupin Partners is liable for the representations because Krupin made them as its agent acting within the scope of the agency and for its benefit, and it ratified and retained the benefit of his conduct.

28. The Trust, acting through its trustee, reasonably and justifiably relied: it wired $219,500, and it refrained from paying the full premium or obtaining replacement coverage that would have prevented the loss. As a direct and proximate result, the policy

lapsed and the coverage was lost. Plaintiffs were thereby damaged in an amount to be proven, measured by the value of the lost coverage and the increased cost of replacing it on Jack Avid's life. That amount is no less than $219,500, the share of the premium Krupin agreed to pay and did not.

29. Krupin acted with oppression, fraud, or malice within the meaning of Civil Code § 3294, entitling Plaintiffs to punitive damages.

**SECOND CAUSE OF ACTION**

**Breach of Fiduciary Duty (By Plaintiffs Against All Defendants)**

30. Plaintiffs incorporate paragraphs 1 through 23.

31. Krupin received funds belonging to or due to the Trust, including commission amounts he was obligated to remit to the Trust, and held and transmitted those funds for the Trust's benefit. By reason of his receipt and handling of those funds, Krupin owed the Trust fiduciary duties, including duties of loyalty and honesty and the faithful handling and application of the funds entrusted to him.

32. Krupin breached those duties by misrepresenting that he had paid and remitted funds he had not paid, by retaining Trust funds that came into his possession, and by concealing the resulting lapse.

33. As a direct and proximate result, Plaintiffs were damaged in an amount to be proven. Krupin's conduct was undertaken with oppression, fraud, or malice within the meaning of Civil Code § 3294, entitling Plaintiffs to punitive damages.

**THIRD CAUSE OF ACTION**

**Breach of Contract (By Plaintiffs Against All Defendants)**

34. Plaintiffs incorporate paragraphs 1 through 23.

35. Defendants and the Trust entered into a contract under which Krupin agreed to place and maintain the program, to apply and remit premium funds to the carriers, to pay his agreed share of the premiums, and to remit to the Trust the agreed portion of the

SERGENIAN LAW
A Professional Corporation

commissions. The contract is set forth in and confirmed by a series of written communications and is a written contract; in the alternative, to the extent any essential term is found not to be contained in those writings, the contract was partly written and partly oral.

36. Plaintiffs performed all obligations required of them, except those excused or prevented by Defendants' conduct.

37. Defendants breached by failing to pay Krupin's agreed share of the premium, failing to maintain the coverage, allowing the policy to lapse, and failing to remit Trust funds.

38. As a direct and proximate result, Plaintiffs were damaged in an amount to be proven, no less than $219,500 (the premium share Krupin agreed to pay), plus the value of the lost coverage and the unremitted commission funds.

**FOURTH CAUSE OF ACTION**

**Conversion (By Plaintiffs Against All Defendants)**

39. Plaintiffs incorporate paragraphs 1 through 23.

40. The Trust was entitled to immediate possession of specific, identifiable funds—the rebate portion of each commission, which was the Trust's property the moment it came into Krupin's possession and which he held for the Trust, in identified amounts on identified policies.

41. Krupin wrongfully exercised dominion over those funds by retaining them and refusing to remit them to the Trust.

42. As a direct and proximate result, Plaintiffs were damaged in the amount of the retained funds, to be proven, together with interest. Krupin's conduct was undertaken with oppression, fraud, or malice within the meaning of Civil Code § 3294.

**FIFTH CAUSE OF ACTION**

**Violation of Penal Code § 496 (By Plaintiffs Against All Defendants)**

43. Plaintiffs incorporate paragraphs 1 through 23.



SERGENIAN LAW
A Professional Corporation

44. The commission funds due to the Trust came into Krupin's possession to be remitted to the Trust. Krupin fraudulently appropriated and withheld those funds from the Trust, knowing they were the Trust's, with the intent to deprive the Trust of them. That conduct constitutes theft within the meaning of Penal Code §§ 484 and 496.

45. Krupin received, concealed, and withheld property so obtained, within the meaning of Penal Code § 496(a).

46. Under Penal Code § 496(c), Plaintiffs are entitled to three times the amount of actual damages, together with costs and reasonable attorney's fees.

**SIXTH CAUSE OF ACTION**

**Money Had and Received (By Plaintiffs Against All Defendants)**

47. Plaintiffs incorporate paragraphs 1 through 23.

48. Defendants received commission funds for the use and benefit of the Trust that in equity and good conscience belong to the Trust, and that Defendants have not remitted.

49. That money remains due and owing, in an amount to be proven, together with interest.

**SEVENTH CAUSE OF ACTION**

**Account Stated (By Plaintiffs Against All Defendants)**

50. Plaintiffs incorporate paragraphs 1 through 23.

51. An account was stated between Defendants and the Trust in which it was agreed that Defendants were indebted to the Trust, including by Krupin's written acknowledgment that the Trust was owed $401,000 and his subsequent acknowledgments and promises to repay.

52. Defendants have not paid the balance due on the stated account, which remains owing in an amount to be proven, together with interest.

SERGENIAN LAW
a Professional Corporation

**EIGHTH CAUSE OF ACTION**

**Negligence (By Plaintiffs Against All Defendants, in the Alternative)**

53. Plaintiffs incorporate paragraphs 1 through 23, and plead this cause of action in the alternative to the First Cause of Action.

54. As the licensed producer who undertook to place and administer the program and to handle the related funds, Krupin owed Plaintiffs a duty to exercise reasonable care, including in funding, remitting premiums for, and maintaining the coverage, in handling and remitting the Trust's funds, and in advising Plaintiffs of any risk to the coverage.

55. Krupin breached that duty, and as a direct and proximate result Plaintiffs were damaged in an amount to be proven.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A. Compensatory damages in an amount to be proven, no less than $219,500;

B. Three times actual damages, and reasonable attorney's fees and costs, under Penal Code § 496(c), on the Fifth Cause of Action;

C. Punitive and exemplary damages on the First, Second, and Fourth Causes of Action;

D. Prejudgment interest as permitted by law;

E. Costs of suit; and

F. Such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.



SERGENIAN LAW
A Professional Corporation

October 14, 2026

SERGENIAN LAW
a Professional Corporation

By: */s/ David A. Sergenian*
David A. Sergenian

Counsel for Plaintiffs

SERGENIAN LAW
a Professional Corporation